# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, As Trustee for Deutsche Alt-A Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-1,<br>    Plaintiff,<br><br>v.<br><br>RODNEY JOHNSON,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-15-0277 |

## MEMORANDUM AND ORDER

This action for judicial foreclosure is before the Court on Defendant Rodney Johnson's "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim on Which Relief Can Be Granted, and Failure to Join an Indispensable Party" ("Motion to Dismiss") [Doc. # 6], to which Plaintiff HSBC Bank USA, National Association, As Trustee for Deutsche Alt-A Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-1 ("HSBC") filed a Response [Doc. # 7]. Defendant neither filed a reply nor requested additional time to do so. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Dismiss.

## I.     BACKGROUND

Plaintiff alleges that on April 24, 2007, Defendant executed a promissory note in the principal amount of $424,000.00 ("Promissory Note") and a Deed of Trust granting a security interest in certain real property and improvements at 3611 Parkwood Drive, Houston, Texas., 77021 (the "Property"). Plaintiff is the current owner and holder of the Note and assignee of the Deed of Trust pursuant to an assignment from the original lender.

Plaintiff alleges that Defendant has been in default under the Promissory Note since January 1, 2010. The current balance owing under the Promissory Note is $695,111.32.

Plaintiff filed this lawsuit against Defendant seeking either a judgment allowing foreclosure under the Deed of Trust pursuant to Texas Property Code section 51.002, or a judgment for judicial foreclosure.[1] Defendant filed a Motion to Dismiss, which is now ripe for decision.

## II.    RULE 12(b)(1) - LACK OF SUBJECT MATTER JURISDICTION

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v.*

---

[1] Section 51.002 of the Texas Property Code provides the mechanism for sale of real property under a contractual lien.

*pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Id.* The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007).

Defendant argues that the Court lacks jurisdiction because the dispute is not yet ripe. A case is ripe when it is no longer abstract or hypothetical. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012). "The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (internal quotations and citation omitted).

Plaintiff alleges that Defendant executed the Promissory Note in April 2007, failed to make the payment due January 1, 2010, and has failed to make all subsequent payments. *See* Complaint [Doc. # 1], ¶ 10. Plaintiff alleges that it has given

Defendant notice of default and a notice of acceleration of the indebtedness evidenced by the Promissory Note. *See id.* Plaintiff alleges that Defendant has failed to make any effort to pay the debt, which as of December 5, 2014, was $695,111.32. *See id.* As a result, Defendant seeks judicially-authorized foreclosure. This dispute is neither abstract nor hypothetical. This dispute is clearly ripe, and Defendant's argument to the contrary is frivolous. Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **denied**.

### III.    RULE 12(b)(6) - FAILURE TO STATE A CLAIM

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff seeks to foreclose on the Property through either (1) a judgment allowing it to foreclose on the Property in accordance with the Deed of Trust and Texas Property Code § 51.002, or (2) a judgment for judicial foreclosure. In this case,

Plaintiff has alleged that Defendant is the maker of the Promissory Note and Deed of Trust. *See* Complaint [Doc. # 1], ¶ 5. Plaintiff has alleged that it is the owner and holder of the Promissory Note and has the right to foreclosure under the Deed of Trust. *See id.*, ¶ 12. Plaintiff has alleged that it has fully performed its obligations under the Promissory Note and Deed of Trust, and that Defendant failed to comply with the Promissory Note by, *inter alia*, failing to make payments due thereunder. *See id.*, ¶¶ 10, 12. These allegations are sufficient to state a claim for judicial foreclosure and/or for foreclosure pursuant to Texas Property Code § 51.002. *See Thomas v. Ocwen Loan Servicing, LLC*, 2013 WL 30653, *5 (N.D. Tex. Jan. 3, 2013) (holding that evidence of these facts established entitlement to foreclose). Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is **denied**.

## IV.     RULE 12(B)(7) - FAILURE TO JOIN INDISPENSABLE PARTY

Rule 12(b)(7) provides for a motion to dismiss based on the failure to join a party under Rule 19. *See* FED. R. CIV. P. 12(b)(7). Rule 19 provides for dismissal of a lawsuit for failure to join an indispensable party. *See* FED. R. CIV. P. 19(b). An indispensable party is a required party whose joinder would deprive the Court of subject matter jurisdiction. *See* FED. R. CIV. P. 19. If the case cannot proceed without the indispensable party, the case must be dismissed. *See* FED. R. CIV. P. 19(b).

The first inquiry under Rule 19 is whether the absent party is a "required party." *See* Fed. R. Civ. P. 19(a)(1); *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). A "required party" is one in whose absence "the court cannot afford complete relief among the existing parties" or who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" have a negative impact on the absent and/or the existing parties as set forth in the Rule. *See id.* The burden of proof is on the party seeking dismissal based on failure to join an indispensable party. *See Bates v. Laminack*, 938 F. Supp. 2d 649, 649 (S.D. Tex. 2013).

Defendant Johnson argues that the prior and current loan servicers are required parties to this lawsuit, and that joinder of one prior loan servicer would destroy diversity of citizenship and deprive this Court of jurisdiction. Johnson provides no legal or factual basis for his argument that the loan servicers are required parties, and the Court is aware of no such authority. Defendant has failed to establish that the loan servicers are required parties in this action for judicial foreclosure by the owner and holder of the Promissory Note and Deed of Trust against the maker of these loan documents. As a result, dismissal under Rule 12(b)(7) is **denied**.

## V. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 6] is **DENIED**. The case remains scheduled for an initial conference on **April 20, 2015**.

SIGNED at Houston, Texas, this **7th** day of **April, 2015**.

*[signature]*

Nancy F. Atlas
United States District Judge