United States District Court
Southern District of Texas
**ENTERED**
April 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, As Trustee for Deutsche Alt-A Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-1,<br>Plaintiff, | § § § § § § § § | |
| v. | § § § | CIVIL ACTION NO. H-15-0277 |
| RODNEY JOHNSON,<br>Defendant. | § § § | |

## MEMORANDUM AND ORDER

This action for judicial foreclosure is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 24] filed by Plaintiff HSBC Bank USA, National Association, As Trustee for Deutsche Atl-A Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-1 ("HSBC"), to which Defendant Rodney Johnson filed a Response [Doc. # 25]. Having reviewed the full record and applicable legal authorities, the Court **grants** HSBC's Motion.

## I.  BACKGROUND

On April 24, 2007, Defendant executed a promissory note in the principal amount of $424,000.00 ("Promissory Note") and a Deed of Trust granting a security interest in certain real property and improvements at 3611 Parkwood Drive, Houston,

Texas., 77021 (the "Property").  Plaintiff is the current owner and holder of the Note and assignee of the Deed of Trust pursuant to an assignment from the original lender. It is undisputed that Defendant has been in default under the Promissory Note since January 1, 2010.

Plaintiff filed this lawsuit against Defendant seeking a judgment allowing foreclosure under the Deed of Trust pursuant to Texas Property Code section 51.002. Plaintiff has now filed a Motion for Summary Judgment, which is ripe for decision.

## II.      SUBJECT MATTER JURISDICTION

Plaintiff asserts that the Court has subject matter jurisdiction on the basis of diversity of citizenship between the parties under 28 U.S.C. § 1332(a).  HSBC, a national association acting as trustee, is a citizen of Virginia, and Defendant is a citizen of Texas.  At the Court's request, HSBC filed a Brief on Jurisdiction [Doc. # 28].  The Court also provided an opportunity for Defendant to file a brief on jurisdiction, but he failed to do so.

In 1980, the United States Supreme Court held that a trustee who is the real party in interest could invoke diversity jurisdiction based on its own citizenship rather than that of the trust's beneficial shareholders.  *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980).  In March 2016, the Supreme Court reaffirmed the *Navarro* decision.  In *Americold Realty Trust v. Conagra Foods, Inc.*, __ U.S. __, 136 S. Ct.

1012 (2016), the Supreme Court stated that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold*, 136 S. Ct. at 1016 (citing *Navarro*, 446 U.S. at 462-66).

In this case, HSBC is the trustee of the Deutsche Atl-A Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-1, a trust organized under New York law. As a national banking association, HSBC is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). HSBC has its main office in Virginia and, therefore, is a citizen of that state.[1] Defendant is a citizen of Texas. It is undisputed that the amount in controversy in this case exceeds $75,000.00 and, therefore, the Court has subject matter jurisdiction on the basis of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a).

### III.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure[2] provides for the entry of summary judgment against a party who fails to make a sufficient showing of the

---

[1]   The *Americold* case and the Court's ruling in this case address the citizenship of the trustee for diversity jurisdiction purposes only.

[2]   In his Response, Defendant relies on and cites only Texas summary judgment case law. This case, however, is governed by the Federal Rules of Civil Procedure, including Rule 56.

existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In deciding a motion for summary judgment, the Court must determine whether the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

**IV.   ANALYSIS**

Plaintiff seeks a judgment allowing it to foreclose on the property pursuant to § 51.002 of the Texas Property Code. To foreclose under § 51.002, Plaintiff must

demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) Defendant is in default under the note and security instrument; and (4) Defendant received notice of default and acceleration. *See* TEX. PROP. CODE § 51.002; *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (Miller, J.), *aff'd*, 583 F. App'x 306 (5th Cir. Oct. 15, 2014), *cert. denied*, 135 S. Ct. 1718 (Mar. 30, 2015).

In this case, it is undisputed that Defendant owes a debt under the Promissory Note, secured by the Deed of Trust. It is also undisputed that Plaintiff is the owner and holder of the Promissory Note and has a right of foreclosure under the Deed of Trust.

Defendant does not dispute that he is in default, and has been for quite some time. Instead, Defendant argues that he is unsure of the exact amount he currently owes. Specifically, Defendant questions whether the interest has been calculated correctly. Defendant argues also that he is "unable to determine whether the payment history is accurate, considering he is still attempting to locate proof of any additional payments made, that may not appear on the payment history." *See* Response, ¶ 5. The exact amount of the debt currently owed, which changes daily, is not an element of a suit to foreclose pursuant to § 51.002 and, therefore, does not preclude summary judgment on this limited claim.

It is undisputed that Plaintiff served Defendant with timely notice of default and acceleration. The undisputed evidence in the record establishes that Plaintiff is entitled to foreclose pursuant to § 51.002 of the Texas Property Code. Therefore, Plaintiff's Motion for Summary Judgment is **granted**.

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 24] is **GRANTED**, and HSBC may proceed with foreclosure of the Property as provided in the Deed of Trust and pursuant to § 51.002 of the Texas Property Code.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **25th** day of **April, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE